# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v. Case Number 2:12-cr-0343-01

DAVID CONNOLLY

Defendant.

## AMENDED JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

**Date of Original Judgment:** June 5, 2013
**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

The defendant, DAVID CONNOLLY, was represented by Gerald Saluti, Esq.

On motion of the United States the court has dismissed count(s) 2-9 and 11-15.

The defendant pled guilty to count(s) 1 and 10 of the Superseding Indictment on 02/04/13. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 15USC 78j(b) and 78ff(a) 17 C.F.R. 240.10b-5 | Securities Fraud | 2006-10/2009 | 1 |
| 18:1957 | Money Laundering | 11/29/07 | 10 |

As pronounced on 06/04/13, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $200, for count(s) 1 and 10, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the 21st day of October, 2013.

WILLIAM J. MARTINI
United States District Judge

07069

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 108 months, on Count 1; 60 months on Count 10, all such terms to run concurrently.

The Court makes the following recommendations to the Bureau of Prisons: It is recommended that Defendant be designated to a facility as close to his home address as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons .

## RETURN

I have executed this Judgment as follows:

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

____________________________________________________________________________

Defendant delivered on ____________________ To ________________________________________
At ______________________________________________, with a certified copy of this Judgment.

___________________
United States Marshal

By ___________________
Deputy Marshal

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 3 years on each of Counts 1 and 10 to run concurrently.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

Based on information presented, the defendant is excused from the mandatory drug testing provision, however, may be requested to submit to drug testing during the period of supervision if the probation officer determines a risk of substance abuse.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

SELF-EMPLOYMENT/BUSINESS DISCLOSURE

You shall cooperate with the U.S. Probation Office in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, you shall provide the U.S. Probation Office with full disclosure of your self-employment and other business records, including, but not limited to, all of the records identified in the Probation Form 48F (Request for Self Employment Records), or as otherwise requested by the U.S. Probation Office.

OCCUPATIONAL RESTRICTIONS

As a further special condition of supervised release, you are to refrain from employment involving real estate/investing

*{As an underlying foundation for this special condition, the Court must find that: (1) a reasonably direct relationship existed between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.}*

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

**STANDARD CONDITIONS OF SUPERVISED RELEASE**

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) ______________________________
Defendant Date

______________________________
U.S. Probation Officer/Designated Witness Date

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

**RESTITUTION AND FORFEITURE**

**RESTITUTION**

The defendant shall make restitution in the total amount of $18,732,775. Payments should be made payable to the U.S. Treasury and mailed to the Clerk, U.S.D.C. 402 East State Street, Room 2020, Trenton, New Jersey 08608 for distribution. *

| **Name of Payee (Victim)** | **Amount of Restitution** |
|---|---|
| *see sealed list | |

The restitution is due immediately and shall be paid in full within 30 days of sentencing. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less thant $1,500 to commence 30 days after release from confinement.

.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: DAVID CONNOLLY
Case Number: 2:12-cr-0343-01

**RESTITUTION AND FORFEITURE**

**RESTITUTION**

The defendant shall make restitution in the total amount of $18,732,775. Payments should be made payable to the U.S. Treasury and mailed to the Clerk, U.S.D.C. 402 East State Street, Room 2020, Trenton, New Jersey 08608 for distribution. *

| **Name of Payee (Victim)** | **Amount of Restitution** |
| --- | --- |

*see sealed list

The restitution is due immediately and shall be paid in full within 30 days of sentencing. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $1,500 to commence 30 days after release from confinement.

.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.